UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS): DEFENDANTS MOTION TO DISMISS FOR FORUM NON CONVENIENS** (filed 5/21/09)

## I. INTRODUCTION

On October 3, 2008, plaintiff Lauren Runner filed the instant action. Plaintiff then filed a first amended complaint ("FAC") on October 27, 2008 against defendants Toyota Motor Corporation ("TMC"); Toyota Motor Sales, U.S.A., Inc. ("TMS"); Toyota Motor North America, Inc. ("TMA"); and Does 1-100. Plaintiff is a citizen of Kentucky. FAC ¶ 1.

Plaintiff, a resident of Kentucky, alleges that defendant TMC is a Japanese business organization doing business in California through a subsidiary, TMS. Id. ¶ 3. Plaintiff alleges that defendant TMS is a California corporation with its principal place of business in the Central District of California. Id. ¶ 4. Plaintiff alleges that TMA is a California corporation. Id. at ¶ 5.

Plaintiff alleges that, on or about October 7, 2007, plaintiff was traveling on Highway 44 East in Mt. Washington, Kentucky in a 1997 Toyota Camry when the vehicle left the roadway and struck a tree. Id. ¶¶ 11-12. Plaintiff alleges that the vehicle caught fire because of fuel spillage from the gas tank. Id. ¶ 13. Plaintiff alleges that she was trapped in the vehicle, and that she suffered severe, life-threatening burns. Id. ¶ 14. Plaintiff further alleges that her injuries were the result of defendants' negligent sale of a defective vehicle as the vehicle's fuel system was not crashworthy. Id. Plaintiff alleges the following claims for relief: (1) negligence; (2) strict products liability; (3) breach of implied warranty of merchantability (California UCC § 1791.1); (4) misrepresentation; and (5) breach of warranty.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

On February 26, 2009, plaintiff filed a motion for leave to file a second amended complaint ("SAC") to add as defendants Toyota Motor Manufacturing, Kentucky Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.; and Toyota Motor Manufacturing, Northern Kentucky, Inc. Defendants subsequently filed a notice of non-opposition, in which defendants stated that plaintiffs' proposed joinder of additional parties would destroy diversity, thus divesting the Court of subject matter jurisdiction. Mot. at 3. Plaintiff subsequently withdrew her motion to file a SAC.

On May 21, 2009, defendants filed the instant motion to dismiss for forum non conveniens. Plaintiff filed an opposition on June 25, 2009. A reply was filed on July 6, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

"The *forum non conveniens* determination is committed to the sound discretion of the trial court." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981). "A party moving to dismiss based on *forum non conveniens* bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002) (citing Lueck v. Sundstrand Corp., 236 F.3d 1137, 1142-43 (9th Cir. 2001)). "The plaintiff's choice of forum will not be disturbed unless the 'private interest' and 'public interest' factors strongly favor trial in the foreign country." Id. The Ninth Circuit has recognized that "the standard to be applied to a motion for dismissal on the ground of *forum non conveniens* is whether . . . defendants have made a clear showing of facts which...establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." Id. (quoting Cheng v. Boeing Co., 708 F.2d 1406, 1410 (9th Cir. 1983))(internal brackets omitted). Nevertheless, "*[f]orum non conveniens* is 'an exceptional tool to be employed sparingly, not a . . . doctrine that compels plaintiffs to choose the optimal forum for their claim.'" Dole at 1118 (quoting Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000)).

## III.   DISCUSSION

Defendants argue that this case should be dismissed under the doctrine of *forum non conveniens* because there is no appreciable connection between this action and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

California, and because Bullitt County, Kentucky "is the only appropriate forum for this lawsuit." Mot. at 5-6. Defendants argue that plaintiff is a resident of Kentucky, the accident at issue took place in Kentucky, and all relevant evidence, including the site of the accident, and many potential witnesses are located in Kentucky. Id. at 12. Defendants further argue that TMA, a California resident, had no involvement with the vehicle that was in the accident, and that while TMS was the distributor of the vehicle, the vehicle was not shipped from California. Id.

Defendants also argue that allowing the case to go forward in this Court would be improper because a California jury would be unable to view the accident site. Id. at 13-14. Defendants argue that, pursuant to Fed. R. Civ. P. 45(b)(2), none of the critical Kentucky-based witnesses can be compelled to testify in this Court. Id. at 14-17. Defendants further argue that, save for the plaintiff, none of these Kentucky residents could reasonably be expected to leave their jobs or other commitments in Kentucky to travel to California to testify. Id. In addition, defendants argue that in the case of the law enforcement officers who would likely be called as witnesses, the public interest in allowing those parties to report to work outweighs the private interest in compelling those witnesses to leave work in order to testify in California. Id. at 14.

Additionally, defendants argue that plaintiff's withdrawal of her motion for leave to file a SAC after discovering that the addition of parties in the SAC would destroy diversity indicates that plaintiff's decision to file the instant action in this Court was motivated by forum shopping. Id. at 13. Defendants argue that plaintiff must have considered the three Kentucky corporations necessary parties at the time she filed her SAC. Id. Accordingly, defendants argue that plaintiff's immediate withdrawal of her SAC indicates that plaintiff sought to preserve jurisdiction in a forum that she must have believed would provide her with a favorable judgment. Id.

Finally, defendants argue that while the state of California has practically no connection to the instant action, Kentucky has legitimate interests in adjudicating the matter in Kentucky that weigh in favor of dismissal. Id. Defendants argue that a Kentucky court would be in a superior position in terms of both interpretation of Kentucky state law and evaluation of witness testimony. Id.

However, as plaintiff argues in opposition, *forum non conveniens* is inapplicable here. Opp'n at 2-3. In federal court, "[t]he common law doctrine of forum non

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

conveniens was partly displaced by the provisions of 28 U.S.C. § 1404(a), which require transfer rather than dismissal if the case can be heard in a more convenient district or division within the United States; the common law doctrine remains applicable, however, when the action should have been brought abroad." Nai-Chao v. Boeing Co., 555 F. Supp. 9, 12 (N.D. Cal. 1982). Recently, the Supreme Court affirmed in Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 430 (2007) that "[t]he common-law doctrine of forum non conveniens 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best." See also American Dredging Co. v. Miller, 510 U.S. 443, 449, n.2 (1994) ("the federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad"); In re Cessna 208 Series Aircraft Products Liability Litigation, 546 F.Supp.2d 1191, 1194-95 (D.Kan. 2008) ("in federal courts, the common-law doctrine of forum non conveniens only applies in cases where the alternative forum is abroad"); Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 4:835 (The Rutter Group 2007) ("Forum non conveniens remains viable in federal courts where the proposed alternative forum is a foreign country. But where it is a different federal district, forum non conveniens has been replaced by [28 U.S.C.] § 1404(a)"). Accordingly, defendant's motion to dismiss should be denied.

In their reply, defendants argue for the first time in the alternative that transfer to United Stated District Court for the Western District of Kentucky would be appropriate. Therefore, because the Court finds that *forum non conveniens* dismissal is not appropriate, the Court construes defendants' motion to be in the nature of a motion to transfer to the United States District Court pursuant to 28 U.S.C. § 1404(a) and/or § 1406(a).[1] Because plaintiff has not had the opportunity to respond to the merits of

---

[1]Although defendants argued in their original motion that Kentucky state court is the appropriate forum for the instant action, the Court sees no basis for determining that this Court lacks jurisdiction over this action such that dismissal of the instant action would be warranted. Defendants do appear to argue that TMA is not a proper defendant in this action. Mot. at 12 ("as demonstrated by the declaration of Jeffrey H. Roman [National Accounting Manager of TMA] TMA had no involvement with the subject 1997 Camry. Consequently, its status as a proper defendant is questionable at best"), citing Roman Decl. ¶ 5(a) ("TMA had no involvement in the design, development, manufacture,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

whether the standard for transfer under 28 U.S.C. § 1404(a) or § 1406(a) has been met, the Court hereby continues the instant hearing from July 13, 2009 to August 3, 2009. Plaintiff may file an opposition regarding the merits of transfer under 28 U.S.C. § 1404(a) or § 1406(a) on or before July 20, 2009. Defendants may file a reply on or before July 27, 2009.

IT IS SO ORDERED

00 : 00

Initials of Preparer          CMJ

---

assembly, testing or inspection of the subject 1997 Toyota Camry, its vehicle systems or any of its components"). Defendants further argue that "[a]lthough TMS was the distributor of the subject 1997 Camry, records provide that this 1997 Toyota Camry was shipped from Georgetown, Kentucky to Peoria, Illinois." Mot. at 12. However, there is no basis for the Court to conclude at this juncture that defendants are not proper defendants in this action such that dismissal would be warranted.