UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6         O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Sandra Becerra | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

John Sloan
Robert Brenner

Attorneys Present for Defendants:

Mike Madokoro

**Proceedings:** **DEFENDANTS' MOTION TO TRANSFER** (filed 5/21/09)

## I. INTRODUCTION

On October 3, 2008, plaintiff Lauren Runner filed the instant action. Plaintiff then filed a first amended complaint ("FAC") on October 27, 2008 against defendants Toyota Motor Corporation ("TMC"); Toyota Motor Sales, U.S.A., Inc. ("TMS"); Toyota Motor North America, Inc. ("TMA"); and Does 1-100.

Plaintiff, a resident of Kentucky, alleges that defendant TMC is a Japanese business organization doing business in California through a subsidiary, TMS. Id. ¶ 3. Plaintiff alleges that defendant TMS is a California corporation with its principal place of business in the Central District of California. Id. ¶ 4. Plaintiff alleges that TMA is a California corporation. Id. at ¶ 5.

Plaintiff alleges that, on or about October 7, 2007, plaintiff was traveling on Highway 44 East in Mt. Washington, Kentucky in a 1997 Toyota Camry when the vehicle left the roadway and struck a tree. Id. ¶¶ 11-12. Plaintiff alleges that the vehicle caught fire because of fuel spillage from the gas tank. Id. ¶ 13. Plaintiff alleges that she was trapped in the vehicle, and that she suffered severe, life-threatening burns. Id. ¶ 14. Plaintiff further alleges that her injuries were the result of defendants' negligent sale of a defective vehicle as the vehicle's fuel system was not crashworthy. Id. Plaintiff alleges the following claims for relief: (1) negligence; (2) strict products liability; (3) breach of implied warranty of merchantability (California UCC § 1791.1); (4) misrepresentation; and (5) breach of warranty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6     O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

On February 26, 2009, plaintiff filed a motion for leave to file a second amended complaint ("SAC") to add as defendants Toyota Motor Manufacturing, Kentucky Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.; and Toyota Motor Manufacturing, Northern Kentucky, Inc. Defendants subsequently filed a notice of non-opposition, in which defendants stated that plaintiffs' proposed joinder of additional parties would destroy diversity, thus divesting the Court of subject matter jurisdiction. Mot. at 3. Plaintiff subsequently withdrew her motion to file a SAC.

On May 21, 2009, defendants filed a motion to dismiss for *forum non conveniens*. Plaintiff filed an opposition on June 25, 2009. Defendants filed a reply on July 6, 2009. In their reply, defendants argued for the first time that in the alternative to dismissal for *forum non conveniens*, transfer to the United Stated District Court for the Western District of Kentucky would be appropriate.

The Court issued an order on July 6, 2009, finding that *forum non conveniens* dismissal was not appropriate. However, based on defendants' reply, the Court also stated that it construed defendants' motion to be in the nature of a motion to transfer to the United States District Court for the Western District of Kentucky. Because plaintiff had not had the opportunity to respond to the merits of whether transfer was warranted, the Court continued the hearing from July 13, 2009 to August 3, 2009.

On July 20, 2009, plaintiff filed an sur-reply addressing defendants' transfer argument. Defendants filed a response on July 27, 2009. A hearing was held on August 3, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

In deciding a motion to transfer, the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see <u>Los Angeles Mem'l Coliseum Comm'n v. NFL</u>, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 MOORE'S FEDERAL PRACTICE § 111.13[1][c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-279 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

### III. DISCUSSION

Defendants argue that the instant action should be transferred pursuant to 28 U.S.C. § 1404(a) in order to promote the convenience of the parties, the convenience of the witnesses, and the interest of justice.

#### A. Convenience of the Parties and Witnesses

Defendants argue that plaintiff is a resident of Kentucky. Reply at 6. Defendants further argue that the crash scene witnesses, investigating law enforcement, and rescue and medical personnel all reside in Kentucky. Reply at 6. Defendants submit declarations from ten individuals who were crash scene witnesses, investigating officers, or emergency response personnel, who each state that it would be inconvenient for them

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6        O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

to travel California to testify, and that it would be significantly more convenient for them to testify in Kentucky. Defs' Ex. K-T. Defendants argue that injury causation will be vigorously disputed, and that a detailed analysis of plaintiff's actions during the accident will be critical to a comparative fault analysis. Response at 7.

     Plaintiff, however, contends that her choice of a district which is a center of defendants' business activity is neither unfair nor inconvenient for defendants. Surreply at 5. Plaintiff argues that she has alleged products liability (design defects and warning defect) and breach of warranty causes of action, and that any acts or omissions for which defendants could be held liable under these theories "took place within the Central District of California, or at very least, did not take place in the Western District of Kentucky." Surreply at 4. Specifically, plaintiff argues that according to defendant's own website, it maintains two design centers in the United States, one in Los Angeles and one in Detroit, Michigan. Surreply at 4. Similarly, plaintiff argues, defendants research and develop their products in California, Arizona, Michigan, and North Carolina.[1] Surreply at 4. Furthermore, with regard to the convenience of witnesses, plaintiff argues that defendants fail to account for the witnesses who are Toyota employees and agents.[2] Surreply at 5. Plaintiff argues that while at this early stage of litigation, "no defendant has disclosed any of Toyota's principals, agents, or employees who may have knowledge of relevant information of product defects" and Toyota defendants have not disclosed any of their testifying experts, Toyota's website indicates that its witnesses may live in the Central District, and that those who do not will likely find it more convenient to travel to

---

    [1] Defendants, however, counter that "plaintiff cannot provide any evidence as to the relevance of this information as related to the 1997 Toyota Camry that was designed and developed in Japan prior to 1997. Plaintiff cannot establish any relationship between the 1997 Camry to California, perhaps other than that TMS is the authorized importer and distributor of Toyota vehicles in certain geographic areas of the continental United States." Response at 5.

    [2] Defendants respond that this argument is speculative, and that, nevertheless, "the convenience of non-party witnesses is accorded greater weight in the Section 1404(a) analysis than party witnesses." In re Consolidated Parodel Litigation, 22 F. Supp. 2d 320, 325 (D. NJ. 1998)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6          O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

California as opposed to Kentucky.³ Plaintiff argues that Toyota's liability "will ride largely on whether the Camry was defective, whether there was a safer alternative design, and whether the defective Camry caused plaintiff's injuries, and that experts on this issue will be will be scattered throughout the country." Surreply at 8.

Plaintiff further submits declarations from three of the ten individual witnesses who previously submitted declarations in support of defendants' motion, stating that travel to California would be inconvenient. These three individuals state that they were not informed by defendants that their expenses to travel to California would be paid by plaintiff, and that they therefore wish to withdraw their declarations. Pls' Exs E, F, G. Furthermore, plaintiffs argue that to the extent necessary, depositions will be conducted in Kentucky for those witnesses located in Kentucky. Surreply at 7.

Plaintiff also argue that while defendants have identified these declarants as individuals with knowledge of the crash scene and plaintiffs' injuries, defendants have failed to summarize these witnesses' testimony nor explain its importance to defendants' case, and do not explain how these witnesses' testimony will be more important than the Toyota engineers, designers, experts, and other employees who designed the Camry and developed the warnings accompanying it. Surreply at 7; see Saleh v. Titan Corp, 361 F. Supp. 2d 1152, 1164 (S.D. Cal. 2005) (declining to consider the convenience of potential witnesses proffered by the plaintiffs where the plaintiffs did not identify these individuals or specify how they might provide important testimony).

The Court concludes that while neither forum is clearly more convenient for the parties themselves, the convenience of the witnesses weighs in favor of transfer. The testimony of the crash scene witnesses, all of whom are located in Kentucky, will likely be highly relevant to the claims and defenses in this action. Although plaintiff has offered to pay for witnesses' travel, other barriers may prevent these witnesses from traveling to California to testify in this action. Furthermore, while plaintiff is correct that some Toyota employees and experts may be located in California, the convenience of non-party witnesses is accorded greater weight in the Section 1404(a) analysis than party

---

³ Defendants counter that this statement completely ignores the fact that TMC, which is in Japan, was responsible for the overall design and development of the 1997 Toyota Camry at issue in this case. Response at 5, citing Ex J (TMC initial disclosure).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

witnesses.  See, e.g., In re Consolidated Parodel Litigation, 22 F. Supp. 2d at 325.

    **B.    Interests of Justice**

        **1.    Respective Parties' Connections with the Forum**

Defendants argue that it is undisputed that plaintiff is not a resident of the Central District and that the accident did not occur here.  In addition, defendants argue that the connections between defendants and this district do not weigh against transfer.  First, defendants argue that while TMS is an authorized importer and distributor located in the Central District of California, it is uncontroverted that TMS was not responsible for the design, manufacture, testing, or assembly of the Camry at issue in this case. Mot. at 4; TMS Initial Disclosure.  Defendants further argue that while TMS has been identified as the distributor of the Camry at issue, records provide that the Camry was in fact shipped from Toyota Motor Manufacturing, Kentucky, Inc. ("TMMK") in Georgetown, Kentucky to Peoria, Illinois.  Mot. at 4; Defs' Ex. E. Furthermore, defendants argue that although TMA is a California corporation, it is uncontroverted that TMA had no involvement in the design, development, manufacture, assembly, testing or inspection of the 1997 Camry.  Mot. at 12, citing Declaration of Jeffrey Roman, National Accounting Manager for TMA, ¶ 6.  Furthermore, defendants argue, TMC is a Japanese business organization.

        **2.    Ease of Access to Sources of Proof**

Defendants argue that the ease of access to sources of proof favors trial in Kentucky.  Defendants argue that this case arose out of a single vehicle collision that occurred in Kentucky.  Reply at 6. Furthermore, defendants argue that plaintiff's post-crash medical records, and information regarding the pre- and post-crash condition of the Toyota Camry, are located in Kentucky.  Reply at 6.

Plaintiff, however, argues that defendants' argument that documents and other sources of proof necessary for the defense are located in Kentucky does not weigh in favor of transfer, because advances in technology have made these documents easily transportable to the chosen forum.  Surreply at 9-10, citing Mohamed v. Mazda Motor Corp., 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000) ("the accessibility and location of sources of proof should weigh only slightly in this Court's transfer analysis, particularly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

since these factors have been given decreasing emphasis due to advances in copying technology and information storage"). Plaintiff further argues that documents concerning the design of defendants' product and the warnings accompanying it are "presumably maintained by defendants at their North American headquarters in Torrance, California, or at their corporate headquarters in Japan." Surreply at 10. Furthermore, plaintiff argues that defendants have set forth no evidence that it will be necessary for the jury to see the crash scene, or the subject Camry which is currently located in Texas. Surreply at 10-11.

### 3. Availability of Compulsory Process

Defendants argue that the availability of compulsory process to secure attendance of witnesses favors transfer to Kentucky, because the law enforcement and medical personnel, as well as scene witnesses, are all residents of Kentucky and outside of the Central District's subpoena power. Reply at 7. Defendants argue that, therefore, even if plaintiff offers to pay for witnesses to travel to California, this will do nothing to alleviate the problem that none of these witnesses are within the subpoena power of the Central District.

### 4. State Most Familiar With Applicable Law

Defendants argue that the fact that Kentucky law applies to plaintiffs' claims weighs in favor of transfer. Plaintiff counters that applying Kentucky law would not be unduly burdensome to this Court, as federal courts are routinely called upon to apply the law of foreign jurisdictions in diversity cases. Surreply at 12.

### 5. Plaintiff's Choice of Forum

Plaintiff argues that her choice of forum should be accorded significant weight. See Catch Curve, 2006 U.S. Dist. LEXIS 96379, *3-4. Defendants argue however that "[a]lthough a plaintiff's choice of forum is ordinarily afforded significant weight, that factor diminishes where the plaintiff chooses a foreign forum rather than his or her home forum." Mot. at 4, quoting In re Consolidated Parlodel Litigation, 22 F. Supp. 2d 320, 323-24 (D. NJ. 1998); see also Harris v. National Railroad Passenger Corp., 979 F. Supp. 1052, 1053 (E.D. Pa. 1997) ("It should be noted, however, that plaintiff's choice of forum is entitled to less weight where the plaintiff chooses a forum which is neither his home

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
JS - 6
O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

nor the situs of the occurrence upon which the suit is based").

### 6. Other Factors

Defendants further argue that the public interest weighs in favor of transferring this action to Kentucky. In particular, defendants argue that the subject 1997 Camry was never in California, having been manufactured in Kentucky, sold in Illinois, and registered in Kentucky at the time of the crash. Reply at 9. Defendants argue that "Kentucky's public interest and indeed, the development and application of its product liability law far outweigh any public interest California may have in this case." Reply at 10. Defendants also argue that this case is already subject to a scheduling order and trial date on September 14, 2010, and that there is no basis to believe that transfer of this case will affect the trial date. Response at 9.

Plaintiff, however, argues that, other than witnesses, individuals residing in Kentucky are no more likely to have an interest in this case than those who reside in California. Surreply at 11. Furthermore, plaintiff argues that the fact that TMS and one of Toyota's design centers are both located in the Central District leads to the conclusion that this District has a significant interest in adjudicating this matter.

Plaintiff further argues that the Western District of Kentucky is arguably the more congested venue, because the average time between filing suit and trial in the Central District of California is 22 months, while in the Western District of Kentucky it is 28 months. Surreply at 11, citing www.uscourts.gov/cgi-bin/cmsd2008.pl.

### 7. Conclusion

The Court concludes that the interests of justice weigh in favor of transfer. Certainly, the Court considers plaintiff's choice of forum to be an important factor, and gives this consideration due weight. However, on balance, the remaining factors favor transfer to Kentucky. First, consideration of the parties' connections to California and Kentucky weigh in favor of transfer to Kentucky. While it is true that two of the defendants are located in California, and that certain Toyota design operations may occur in this state, plaintiff has not set forth sufficient evidence indicating that there are connections between this forum and the design of the Toyota Camry involved in this specific incident. By contrast, it is clear that there are strong connections between the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6       O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6537 CAS (JCx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | LAUREN RUNNER v. TOYOTA MOTOR CORP., ET AL. | | |

event that gave rise to this action (the car accident) and Kentucky. Furthermore, defendants are correct that the accessibility of sources of proof and the availability of compulsory process favor transfer. Furthermore, Kentucky courts will be more familiar with applicable law.

Therefore, because both the convenience of the witnesses and the interests of justice favor transfer, the Court finds granting defendants' motion to be appropriate.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to transfer to the Western District of Kentucky.

IT IS SO ORDERED

|  |  | 00 | : | 09 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |